UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA MCCARTHY,<br><br>      Plaintiff,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF JUSTICE, ET AL.,<br><br>      Defendants. | 24-CV-4501 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Brooklyn, New York, brings this action *pro se*. Plaintiff invokes the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 *et seq*. She seeks information about "the investigation and subsequent legal actions involving the parties and the corruption scandals related to the Odebrecht SA case (2016-cr-643)," a prosecution under the Foreign Corrupt Practices Act, 18 U.S.C. § 371. *See United States v. Odebrecht S.A.*, No. 16-CR-643 (E.D.N.Y.). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The FOIA statute includes its own venue provision. A claim under FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). For venue purposes, an individual resides in the district where the person is "domiciled." 28 U.S.C. § 1391(c)(1).

Plaintiff sues the United States Department of Justice under the FOIA for allegedly failing "to conduct a reasonable search for records responsive to Plaintiff's FOIA request," and improperly withholding agency records.[1] Plaintiff also asserts claims against American International Group, Inc. (AIG), in connection with a car accident in 2013 in Panama. Plaintiff refers to individuals and events that have been the subject of her prior suits. *See, e.g.*, *McCarthy v. Martinelli*, No. 22-CV-7359 (E.D.N.Y. Jan. 11, 2023) (dismissing for lack of subject matter jurisdiction claims that Martinelli Linares allowed Odebrecht to take gravel worth $70,000,000 from plaintiff's father's land in Panama, without compensation).

Venue of Plaintiff's FOIA claim does not appear to be proper in this district under Section 552(a)(4)(B). This is not a district in which Plaintiff resides or in which the agency records are situated. Venue of the FOIA claim lies in the District of Columbia or in the Eastern District of New York, where Plaintiff is domiciled.

Plaintiff contends that venue is proper in this district for her claims arising from the car accident in Panama because the insurer, AIG, is located in New York. Even where venue is

---

[1] Plaintiff also names the United States Department of State, though it is unclear what claims she brings against this defendant.

2

proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. Venue of Plaintiff's FOIA claim is proper in the Eastern District of New York. Plaintiff's claims arising from a car accident in Panama arose outside this district, and appear to touch on matters related to litigation in the Eastern District of New York. Because Plaintiff does not reside in this district, and the operative events did not take place in this district, her choice of this forum is entitled to less deference. After consideration of the relevant factors, the Court concludes that transfer is appropriate to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 10, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                            Chief United States District Judge